John Seybold *et al.*, Plaintiffs-Appellants, *v.* The City of Chicago, Defendant-Appellee.

(No. 55990; )

First District—September 20, 1972.

Francis E. Goodman, of Chicago, for appellants.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinland and Howard C. Goldman, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

John Seybold and 99 other plaintiffs instituted this action for declaratory relief in order to recover damages from the defendant City of Chicago which paid them wages at a rate less than that required by an act commonly referred to as the Prevailing Wage Law. (Ill. Rev. Stat. 1963, ch. 48, pars. 39s—1 to 39s—12.) Plaintiffs, in their second amended complaint, allege that they were employed during the period from September, 1964, to June, 1967, by the City of Chicago, a public body as defined in the Prevailing Wage Law (Ill. Rev. Stat. 1963, ch. 48, par.

39s—2), to work on construction projects in the capacity of structural iron workmen. They were not employed steadily on a year round basis, but were paid by the hour and subject to lay offs and thereafter to recalls. It was further alleged that the City of Chicago was obligated under the Prevailing Wage Law to pay them the "prevailing rate of wages" in the locality in which the work was performed. They sought judgment against the city for the total dollar difference between the amount paid each of them and the sum due under the "prevailing rate of wages."

The City of Chicago filed a motion to dismiss on the ground that the Supreme Court in *City of Monmouth v. Lorenz*, 30 Ill.2d 60, 195 N.E.2d 661, had held unconstitutional that portion of the Prevailing Wage Law which applied to persons employed directly by a public body. The motion to dismiss was granted, and the plaintiffs appeal.

■■ The Prevailing Wage Law was adopted in 1941. Its general purpose was to compel public bodies to ascertain and pay workmen on public projects in accordance with the prevailing wage scale in the area where the work was performed. In *Bradley v. Casey*, 415 Ill. 576, 114 N.E.2d 681, the Act, as amended in 1951, was construed to apply only to public works constructed under contract and not to construction projects undertaken by workmen hired directly by the public body. In amendments adopted in 1957 and in 1961, however, the Act was extended to cover employees of public bodies engaged in new construction as opposed to maintenance work.

The constitutionality of the 1957 and 1961 amendments to the Prevailing Wage Law was raised in *City of Monmouth v. Lorenz*, 30 Ill.2d 60, 195 N.E.2d 661, in an action for declaratory relief brought by the City of Monmouth and 63 other plaintiffs including cities, counties, individuals, a public official, and a taxpayer. The complaint alleged that the public bodies involved employed persons who did both maintenance and construction work and that the public bodies were able to hire workmen and mechanics at rates substantially below the fringe benefits. In considering the constitutionality of placing into a single class construction contractors and public bodies engaged in construction projects the Court stated 30 Ill.2d at 66-7, 195 N.E.2d 664-5:

> "Here the legislation has put into a single class public bodies and construction contractors which are for most purposes two entirely different classes. The object of the legislation in question is to insure that workmen on public projects receive the same economic benefits as workmen on projects of a similar nature by regulating the rate of pay they are to receive, but rate of pay is just one factor in determining the economic benefits to be derived from employ-

ment, and where, as here, the two classes of employers are by their very nature in such a position that they cannot and do not confer similar economic benefits on their employees exclusive of the rate of pay, an act requiring both classes to pay their employees on construction at the same rate violates the equal protection clause of both the fourteenth amendment to the Federal constitution and section 2. of article IV of the Illinois constitution."

The plaintiffs, in the instant case, urge that "The Court should recognize that the *City of Monmouth* case declaring unconstitutional the 1957 and 1961 amendments to Chapter 48, Section 398, Illinois Revised Statutes, was erroneous. More appropriately the Supreme Court of Illinois should have declared the amendments of the Act inapplicable in *Monmouth,* but valid dependent upon divergent factual situations presented."

It is stressed that there clearly exists a great variance of factual allegations in the *Monmouth* and the present cases. Plaintiffs argue that the facts of their case are at variance with *Monmouth.* "Many variant characteristics exist such as lack of steady work and fringe benefits for the private contractor employee as opposed to the public body employee who generally works on a steady basis and receives fringe benefits."

The opinion in *Monmouth* does not support the construction and distinction urged by the plaintiffs. The Court there held without limitation and without exception that the placement of construction contractors and public bodies in the same class for the purpose of calculating required monetary compensation was unconstitutional since "the two classes of employers are by their very nature in such a position that they cannot and do not confer similar economic benefits on their employees exclusive of rate of pay." 30 Ill.2d at 66-7, 195 N.E.2d at 665.

■■ The plaintiffs' complaint failed to state a cause of action, and was properly dismissed. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.